UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No.:  21-cv-61759

GAIL GOODENOW,

    Plaintiff,

v.

METROPOLITAN LIFE INSURANCE COMPANY,

    Defendant.                              /

## COMPLAINT FOR DISABILITY BENEFITS

Plaintiff, Gail Goodenow, by and through undersigned counsel hereby files her Complaint against Defendant, Metropolitan Life Insurance Company ("Metlife"), and says:

## JURISDICTION AND VENUE

1.    Plaintiff's claims are filed pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq*. Jurisdiction exists pursuant to 29 U.S.C. § 1132(f) and venue is proper pursuant to 29 U.S.C. § 1132(e).

## PARTIES

2.    Plaintiff, Gail Goodenow ("Ms. Goodenow"), is a citizen of the United States of America, and was at all times relevant a participant of the long-term disability insurance policy at issue (the "long-term disability policy"). Defendant, MetLife, is the insurer and claims administrator of the long-term disability policy, is a foreign corporation authorized to do business in Florida and can be found in the Southern District of Florida.

## FACTS

3.    At all times material to this action there was in full force and effect a group long-term disability policy that was underwritten and administered by Metlife.

4. At all times material, Metlife operated under an inherent structural conflict of interest because of its dual role as administrator of claims while serving as the insurance company paying benefits out of its own assets.

5. Ms. Goodenow was employed with Crawford & Company as a BASF Disability Case Manager. By virtue of her employment at Crawford & Company, Ms. Goodenow was an eligible participant of the long-term disability policy at all times material to this action.

6. The purpose of the long-term disability policy was to provide Ms. Goodenow with a monthly benefit in the event that she became disabled.

7. The long-term disability policy defined Disability, in pertinent part, as follows:

*Disability means that, due to Sickness or as a direct result of accidental injury:*

- *You are receiving Appropriate Care and Treatment and complying with the requirements of such treatment; and*

- *You are unable to earn:*

    - *During the Elimination Period and the next 24 months of Sickness or accidental injury, more than 80% of your Predisability Earnings from any employer in Your Local Economy at any gainful occupation for which You are reasonably qualified taking into account Your training, education and experience.*

    - *After such period, more than 60% of your Predisability Earnings from any employer in Your Local Economy at any gainful occupation for which You are reasonably qualified taking into account Your training, education and experience.*

8. Ms. Goodenow has suffered, and continues to suffer, from several medical conditions. These include, but are not limited to, Major Depressive Disorder (MDD) and Generalized Anxiety Disorder (GAD).

9. Ms. Goodenow has been unable to perform each and every duty of her regular occupation or any occupation for which she may reasonably become qualified based on education,

training or experience, and is unable to earn 80% or more of her Predisability Earnings. Ms. Goodenow is disabled under the terms of the long-term disability policy.

10. Ms. Goodenow was forced to discontinue working on May 27, 2020, due to her disabling conditions.

11. While Ms. Goodenow has suffered from anxiety and depression for most of her life, in May 2020 she began experiencing an exacerbation of her symptoms that affected her ability to focus and perform at work.

12. Ms. Goodenow's symptoms included, but were not limited to, poor decision-making, poor concentration, forgetfulness, insomnia, anxious mood, crying spells, depression, and irritability.

13. On June 3, 2020, Ms. Goodenow applied for short-term disability benefits with Metlife, which Metlife approved.

14. On October 20, 2020, prior to the exhaustion of her short-term disability benefits, Ms. Goodenow applied for long-term disability benefits so there would be no gap period between benefits.

15. By letter dated February 1, 2021, Metlife denied Ms. Goodenow's claim for long-term disability benefits.

16. Ms. Goodenow timely appealed Metlife's decision to deny her long-term disability benefits by letter dated April 14, 2021.

17. Metlife denied Ms. Goodenow's appeal for long-term disability benefits and communicated its decision via letter dated June 9, 2021.

18. Ms. Goodenow exhausted her appeals under ERISA.

19. In denying Ms. Goodenow's claim for long-term disability benefits, Metlife deemphasized medical evidence favoring disability and instead relied on the views of its own medical consultants.

20. The denial of Ms. Goodenow's long-term disability benefits was a breach of the terms of the long-term disability policy, and the decision was wrong and arbitrary and capricious.

21. Metlife's denial of Ms. Goodenow's disability benefits breached the fiduciary duties owed to Ms. Goodenow under ERISA. Metlife further failed to discharge its duties in respect to discretionary claims processing solely in the interests of Ms. Goodenow as a participant of long-term disability policy.

## COUNT I: LONG-TERM DISABILITY BENEFITS

22. Plaintiff incorporates the allegations contained in Paragraphs 1 through 21 as if fully stated herein and states further that:

23. Plaintiff is entitled to certain benefits of the policy consisting of past long-term disability benefits including prejudgment interest, retroactive to the day benefits were denied pursuant to 29 U.S.C. §1132(a)(1)(B).

24. Plaintiff is entitled to the benefits identified herein because:

   a. the benefits are permitted benefits under the policy;

   b. Plaintiff has satisfied all conditions to be eligible to receive the benefits;

   c. Plaintiff has not waived or otherwise relinquished her entitlements to the benefits.

25. Defendant has refused to pay the benefits sought by Ms. Goodenow, ignoring the medical records and clear opinions of her providers.

## COUNT II: ATTORNEY'S FEES

26. Plaintiff incorporates the allegations contained in Paragraphs 1 through 21 as if fully stated herein and states further that:

27. To the extent that Defendant violated any provisions of Subchapter I of Title 29, Chapter 18 of the United States Code, Plaintiff is entitled to reasonable attorney's fees and costs of this action pursuant to 29 U.S.C. §1132(g)(1).

## RELIEF REQUESTED

28. Plaintiff incorporates the allegations contained in Paragraph 1 through 21 as if fully stated herein and states further that:

29. As a result of the acts and/or omissions of Defendant as alleged herein, Defendant owes Plaintiff unpaid long-term disability benefits, plus interest.

30. Defendant is also liable for Plaintiff's attorney's fees and the costs of litigation in an amount to be proven at trial.

31. Defendant is also liable to place Plaintiff in the position she would have enjoyed under the policy had she not been wrongfully denied benefits by Defendant.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Gail Goodenow, prays for a judgment against Defendant, Metropolitan Life Insurance Company, for the relief as pleaded herein and for such other relief as this Honorable Court deems just and proper.

>
> **GALLUP AUERBACH**
> 4000 Hollywood Boulevard
> Presidential Circle-Suite 265 South
> Hollywood, Florida 33021
> Tel: (954) 894-3035 Fax: (754) 200-2836
> E-mail: jauerbach@gallup-law.com
>
> By:    */s/ JACOB K. AUERBACH*
>           JACOB K. AUERBACH
>           Florida Bar No.: 084003